RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/23/08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| THERESA L. LEBEAN<br>Plaintiff | : | CIVIL ACTION NO: 06CV2286-LO |
| *VERSUS* | : | JUDGE HAIK |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF<br>SOCIAL SECURITY<br>Defendant | : | MAGISTRATE JUDGE METHVIN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JUDGMENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter was referred to the United States Magistrate Judge Mildred E. Methvin for her Report and Recommendation.

After a review of the entire record and the briefs of the parties, and pursuant to 42 U.S.C. § 405(g), the Magistrate held that the Commissioner's finding of non-disability was supported by substantial evidence of record.

Plaintiff timely objected to the Magistrate's findings and requested that this Court reverse and remand this matter to permit Plaintiff the opportunity to cross-examine the post-hearing examining physician, Dr. Stephen Wilson.

After an independent review of the record, the applicable jurisprudence, and the objections filed by the Plaintiff, this Court concludes that the Findings and Recommendations of the Magistrate Judge are incorrect for the following reasons:

(1) The pre-hearing subpoena procedure outlined in the Regulations, 20 CFR §§ 404.950(d); 416.1450, cannot be utilized with respect to a post-hearing report. *Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir. 1990); *Wallace v. Bowen*, 869 F.2d 187 (3rd Cir.

1

1988); *Stienberger v. Sullivan*, 738 F.Supp, 716, 746 (S.D. N.Y. 1990), N. 17; Acquiescence Ruling – AR 91-1(5).

(2) The ALJ failed to fully inform the Plaintiff that she had the right to request a supplemental hearing and the right to subpoena the post-hearing examining physician. *Tanner v. Sullivan*, 932 F.2d 1110 (5th Cir. 1991); HALLEX I-2-735.

(3) The ALJ's use of Dr. Wilson's post-hearing medical report constitutes a denial of due process because Plaintiff was not given the opportunity to cross-examine the physician or to rebut the report. *Tanner*, supra; *Wallace*, supra; *Kelly v. Chater*, 952 F. Supp. 419 (W.D. Tex. 1996).

Therefore, the Commissioner's denial of disability benefits is not supported by substantial evidence in the record. *Carey v. Apfel*, 230 F.3d 131, 136 (5th Cir. 2000); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Further, the Commissioner's decision does not comport with relevant legal standards. *Carey*, 230 F.3d at 136; *Anthony*, 954 F.2d at 292; *Greenspan*, 38 F.3d at 236.

Accordingly, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g). This includes, but does not limit, sending the case to the hearing level with instructions to the Administrative Law Judge to give Plaintiff an opportunity to confront and cross-examine Dr. Stephen Wilson, or to enable her to obtain a medical opinion from another expert of her choice. Plaintiff shall be afforded the opportunity to submit additional evidence and to testify at a supplemental hearing.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 22nd day of September, 2008.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA